CAUSE NO. _____22-6679-393_____

| | | |
|---|---|---|
| **CHAUNCEY PHAM and DEREK PHAM** § | | **IN THE DISTRICT COURT** |
| *Plaintiffs,* § | | |
| § | | |
| **V.** § | | \_\_\_\_ **JUDICIAL DISTRICT** |
| § | | |
| **AMERICAN ECONOMY INSURANCE COMPANY, A SAFECO COMPANY,** § | | |
| *Defendant.* § | | **DENTON COUNTY, TEXAS** |

## PLAINTIFFS' ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COME NOW**, Chauncey Pham and Derek Pham, Plaintiffs herein, and file this, their Original Petition against American Economy Insurance Company, a Safeco Company Defendant herein, and would respectfully show unto the Court the following:

### I.   Discovery Control Plan

1.   Discovery in this case is intended to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

### II.   Parties and Service

2.   Plaintiffs Chauncey Pham and Derek Pham (hereinafter, collectively "Plaintiffs" and/or "Mr. and Mrs. Pham" and/or "the Phams") are individuals residing in Denton County, Texas.

3.   Defendant American Economy Insurance Company, a Safeco Company (hereinafter, "Defendant" and/or "Safeco") is a foreign insurance company licensed to conduct business in the State of Texas and, according to the Texas Department of Insurance, may be served by and through its registered agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701, or wherever it may be found. Additionally, pursuant to Section

804.101 of the Texas Insurance Code, American Economy Insurance Company, a Safeco Company, may be served by and through its president, vice president, secretary, or attorney-in-fact at its home office, principal place of business located at 500 N. Meridian Street, Indianapolis, Indiana 46204, or wherever it may be found.

### III.     Jurisdiction and Venue

4. Jurisdiction of this matter is proper in that the subject matter and the amount in controversy are within the jurisdictional requirements of this Court.

5. Venue is proper in Denton County, Texas under the mandatory venue provisions in Section 15.011 of the Texas Civil Practice and Remedies Code as this is a suit for recovery of damages to real property, and under the general venue rules set forth in Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code as this is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

6. Pursuant to Texas Rule of Civil Procedure 47, Plaintiff seeks monetary relief over $1,000,000.

### IV.     Facts

7. Safeco sold homeowners insurance policy number OY8335729 (hereinafter, the "Policy") to named insureds Chauncey Pham and Derek Pham to insure the property located at 3713 Granada Trail, Denton, Texas 76205 (hereinafter, the "Property").[1] The Policy was to be effective from February 28, 2021, at 12:01A.M. to February 28, 2022, at 12:01A.M.

8. On both May 3, 2021, and then again on May 10, 2021, severe storm events caused widespread damage to homes located throughout North Texas (hereinafter, the "Storm"). The Storms resulted in direct physical damage to Mr. and Mrs. Pham's Property.

---

[1] Despite repeated requests, Safeco has failed to provide Plaintiffs with a certified copy of the Policy.

9. Mr. and Mrs. Pham promptly reported the damages to Safeco pursuant to the Policy. Safeco acknowledged the reported loss and assigned claim number 046579968-01 to the loss (hereinafter, the "Claim"). Additionally, Safeco arbitrarily assigned May 18, 2021, as the date of loss to the Claim.

10. On or about August 23, 2021, Safeco representative Michelle Walsh (hereinafter, "Ms. Walsh") performed an initial inspection of the damage to the Phams' property. Ms. Walsh, despite being shown obvious and blatant damage to the Property, noted only minor damage to the interior of the property in the amount of $955.44.

11. On September 18, 2021, Safeco sent a letter to the Phams, stating that only partial coverage existed for the Claim and erroneously attributed the vast majority of the Storm damage to "deterioration and wear and tear." Safeco continued by providing the Phams with a "Payment to You" in the amount of $0.00:

| Payment to you: | |
|---|---|
| Dwelling | $ 955.44 |
| Deductible = $6181.00 | ($ 955.44) |
| Payment to you | $ 0.00 |

12. On or about November 3, 2021, the Phams contracted with Cheston Selz, (hereinafter, "Mr. Selz") to serve as their public insurance adjuster with respect to the Claim.

13. On or about November 19, 2021, Mr. Selz sent correspondence to Safeco, placing Safeco on notice of his representation of Mr. and Mrs. Pham. In his notice, Mr. Selz further requested a certified copy of the Policy, a copy of Safeco's estimates, all claim photographs, and all correspondence between Safeco and the Phams or any other third party regarding the Claim.

14. Safeco acknowledged receipt of Mr. Selz's correspondence on November 23, 2021. However, Safeco failed to provide any of the additional documents requested by Mr. Selz in its November 23rd correspondence.

15. On December 23, 2021, Alicia Ceaser, MAC, an industrial hygienist with FixAirx, LLC., (hereinafter, "FixAirx") conducted a Water Damage Assessment and Restoration Protocol at the Property. FixAirx determined the water loss at the property to be a category 3 water loss:

> Classification of water: The flood water in each **event is Classified as Category 3 Damage.**
>
> Is it safe to Dry? No.

16. On or about January 20, 2022, Mr. Selz provided Safeco, via email and via certified mail, with additional documents to support the Pham's Claim, including the Sworn Proof of Loss, the December 23rd FixAirx Report, Mr. Selz's estimate for repairs citing a replacement cost value of $384,253.17 for the loss, photographs and videos, and other supporting documentation (hereinafter, collectively, the "Claims Package"). The Claims Package was received by Safeco via certified mail on January 24, 2022.

17. On February 7, 2022, Safeco representative Kristy Gonzalez (hereinafter "Ms. Gonzalez") emailed Mr. Selz and asserted that Safeco "neither accepts nor rejects your proof of loss" and attached correspondence from Safeco that did not address the Claims Package.

18. On February 10, 2022, Ms. Gonzalez sent another email advising Mr. Selz that Safeco "will be sending this out for reinspection" and further advised that she would follow up once a field adjuster was assigned.

19. On February 15, 2022, Mr. Selz received an email from Jason Schell (hereinafter, "Mr. Schell") to coordinate a date and time to reinspect the Property. After numerous emails between Mr. Schell and Mr. Selz, Mr. Schell failed to provide dates to conduct the reinspection.

20. On March 10, 2022, Mr. Selz received an email from Erik Valle of Rimkus Consulting (hereinafter, "Rimkus") in which Rimkus requested Mr. Selz's availability to

schedule the reinspection of the Property for March 17, 2022. Mr. Selz promptly responded with a request for the inspector's CV, objective of the inspection, and estimated length of time needed. Despite Mr. Selz prompt response, Rimkus notified Mr. Selz later that same morning that the "assignment has been reassigned to one of the local Dallas engineers. He will contact you to arrange inspection." Mr. Selz did not receive any further communications from Rimkus.

21. On March 21, 2022, Mr. Selz received correspondence from attorney David Chumbley (hereinafter, "Mr. Chumbley"), notifying Mr. Selz of Mr. Chumbley's representation of Safeco in connection with the Phams' Claim. In his letter, Mr. Chumbley yet again requested to reinspect the property. After Safeco's repeated delays, the reinspection was ultimately conducted on April 28, 2022, over two months after Safeco's initial request.

22. As of the date of this letter, Safeco has not provided any additional or updated estimates or reports following its April 28, 2022, reinspection.

23. Mr. and Mrs. Pham sent pre-suit notice and demand to Safeco pursuant to the Texas Business & Commerce Code, commonly referred to as the Texas Deceptive Trade Practices Act (hereinafter, "DTPA"),[2] Chapters 541 and 542A of the Texas Insurance Code,[3] and related provisions of the Texas Administrative Code[4] on or about June 2, 2022. Plaintiffs' pre-suit notice and demand was accompanied by extensive exhibits in support of each of the above stated facts. To date, Safeco continues to refuse to cover the restoration of the Property to its pre-loss condition, as required pursuant to the Policy.

24. As a result of Safeco's refusal to change its position regarding Mr. and Mrs. Pham's Claim despite being notified of the impossibility of the minimal suggested scope of

---

[2] *See* TEX. BUS. & COM. CODE §17.505.

[3] *See* TEX. INS. CODE ANN. §541.154

[4] *See* 28 TEX. ADMIN. CODE §21.1 et. seq.

repair, continued delay and disinterest in resolving the Claim, and its refusal to tender benefits and proceeds due and owing under its Policy, Mr. and Mrs. Pham have sustained damages as described herein.

V.  **Causes of Action**

A.   **Count 1: Breach of Contract**

25.    Plaintiffs incorporate herein by reference all facts and allegations set forth above as if said allegations were fully set forth herein.

26.    This is an action against Defendant for breach of a first party insurance contract, the Policy.[5] Plaintiffs are the named insured under the Policy and the Policy was in full force and effect as to the Plaintiffs and the Property at all times material to the facts as set forth herein.

27.    Plaintiffs have performed all conditions to Defendant's obligation to perform under the Policy, including without limitation, the timely payment of premiums, timely notice of the Claim, mitigation of the damages to the Property, and temporary repairs to prevent further damage. Defendant has waived any and all other conditions.

28.    Defendant is required to compensate Plaintiffs for all direct physical losses from a loss event under the terms of the Policy.

29.    Defendant's denial of coverage and refusal to pay the full amount of the claim is contrary to the terms of the Policy and Texas law and constitutes a breach of said contract of insurance causing further delay in restoring Plaintiffs' Property to its pre-loss condition.

30.    As a direct and proximate result of Defendant's breach of said contract of insurance, Plaintiffs have been damaged by having not been compensated for the damage sustained to the Property, which is owed under the terms of the Policy.

---

[5] Despite repeated requests, Safeco has failed to provide Plaintiffs with a certified copy of the Policy.

31. Plaintiffs have been and remain fully prepared to comply with all obligations pursuant to the Policy.

32. As a direct and proximate result of Defendant's refusal to pay Plaintiffs' Claim, Plaintiffs have been required to retain the services of the undersigned attorneys. Plaintiffs are obligated to pay a reasonable fee for the undersigned attorneys' services in bringing this action, plus necessary costs.

33. In the event that Plaintiffs prevail in this action, Plaintiffs are entitled to recover reasonable attorney's fees and costs from Defendant pursuant to pursuant to Chapter 38 of the Texas Civil Practice and Remedies Code.[6]

34. All of the foregoing conduct of Defendant constitutes a breach of contract, which has resulted in damages to Plaintiffs.

**B.  Count 2: Violation of the Texas Insurance Code**

35. Plaintiffs incorporate herein by reference all facts and allegations set forth above as if said allegations were fully set forth herein.

36. Defendant's acts, omissions, failures, and conduct that are described in this Petition violate provisions of Chapter 541 and Chapter 542 of the Texas Insurance Code[7] and are actionable pursuant to Section 541.151 of the Texas Insurance Code. In this respect, Defendant's violations include, without limitation:

    a) Engaging in an unfair method of competition, or an unfair and deceptive act and practice in the business of insurance, to misrepresent the Policy by:

        i. Making an untrue statement of material fact;[8]

---

[6] TEX. CIV. PRAC. & REM. CODE §38.001.

[7] TEX. INS. CODE §541 et. seq.

[8] *See* TEX. INS. CODE ANN. §541.061(1); *See also* 28 TEX. ADMIN. CODE §21.3.

      ii. Failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;[9]

      iii. Making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;[10] and,

      iv. Making a material misstatement of law.[11]

  b) Engaging in an unfair method of competition, or an unfair and deceptive act and practice in the business of insurance, with respect to the Claim, by:

      i. Misrepresenting a material fact or policy provision relating to the coverage at issue;[12]

      ii. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim with respect to which the insurer's liability had become reasonably clear;[13]

      iii. Failing to promptly provide a reasonable explanation of the basis in the Policy, in relation to the facts and applicable law, for denial of the Claim and/or offer of a compromise settlement of the Claim;[14] and,

      iv. Refusing to pay the amounts duly owed regarding the Claim without conducting a reasonable investigation with respect to the Claim.[15]

37. Accordingly, Plaintiffs seek herein actual damages, court costs, and reasonable and necessary attorneys' fees.[16] Because Defendant acted knowingly, Plaintiffs seek treble damages pursuant to Section 541.152(b) of the Texas Insurance Code.[17]

---

[9] *See* TEX. INS. CODE ANN. §541.061(2).

[10] *See* TEX. INS. CODE ANN. §541.061(3).

[11] *See* TEX. INS. CODE ANN. §541.061(A)(1), (2), (3) & (4).

[12] *See* TEX. INS. CODE ANN. §541.060 (a)(1); *See also* 28 TEX. ADMIN. CODE §21.203(1).

[13] *See* TEX. INS. CODE ANN. §541.060 (a)(2)(A); *See also* 28 TEX. ADMIN. CODE §21.203(4).

[14] *See* TEX. INS. CODE ANN. §541.060 (a)(3).

[15] *See* TEX. INS. CODE ANN. §541.060 (a)(7); *See also* 28 TEX. ADMIN. CODE §21.203(15).

[16] TEX. INS. CODE §541.152(a)(1).

[17] TEX. INS. CODE §541.152(b).

## C. Count 3: Violation of the Texas Deceptive Trade Practices Act

38. Plaintiffs incorporate herein by reference all facts and allegations set forth above as if said allegations were fully set forth herein.

39. Plaintiffs are consumers under the Texas Deceptive Trade Practices Act (hereinafter, the "DTPA") because Plaintiffs are individuals (as defined by the Act) who acquired goods/services from Defendant by purchase.[18]

40. By its acts, omissions, failures, and conduct that are described in this Petition, Defendant violated Section 17.46 et. seq. of the Texas Business & Commerce Code, commonly referred to as the DTPA. Particularly, Defendant violated the DTPA by engaging in false, misleading, or deceptive acts or practices that Plaintiffs justifiably relied on to their detriment. In this respect, Defendant's violations include, without limitation:

   a) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which the person does not;[19]

   b) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;[20]

   c) Advertising goods or services with intent not to sell them as advertised[21] and representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve;[22]

   d) Failing to disclose information about goods or services that was known at the time of the transaction if the failure to disclose was intended to induce the consumer to enter into a transaction that the consumer would not have entered into if the information had been disclosed;[23] and,

---

[18] TEX. BUS. & COM. CODE §17.45(4).

[19] *See* TEX. BUS. & COM. CODE §17.45(b)(5).

[20] *See* TEX. BUS. & COM. CODE §17.45(b)(7).

[21] *See* TEX. BUS. & COM. CODE §17.45(b)(10).

[22] *See* TEX. BUS. & COM. CODE §17.45(b)(12).

[23] *See* TEX. BUS. & COM. CODE §17.45(b)(24).

  e)  Engaging in an unconscionable action or course of action, to Plaintiffs' detriment, that took advantage of Plaintiffs' lack of knowledge, ability, experience, or capacity to a grossly unfair degree.[24]

41. As described herein, Defendant represented to Plaintiffs that the Policy and Defendant's adjusting and investigative services had characteristics or benefits that they did not have, which affords Plaintiffs the right to recover under Section 17.46(b)(5) of the DTPA.[25]

42. All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiffs' damages as set forth herein. Accordingly, Plaintiffs seek their actual damages, court costs, and reasonable and necessary attorneys' fees.[26]

43. Additionally, because Defendant acted knowingly and intentionally, Plaintiffs are entitled to recover treble damages under DTPA Section 17.50(b)(1).[27] Defendant acted knowingly because, at the time of the acts and practices complained of, Defendant had actual awareness of the falsity, deception, or unfairness of the acts or practices giving rise to Plaintiffs' claim.[28] Further, Defendant acted intentionally because, at the time of the acts and practices complained of, Defendant had actual awareness of the falsity, deception, or unfairness of the act or practice and acted with a specific intent that Plaintiffs act in detrimental reliance on the falsity or deception, or in detrimental ignorance of the unfairness.[29]

**D. Count 4: Breach of Duty of Good Faith and Fair Dealing**

44. Plaintiffs incorporate herein by reference all facts and allegations set forth above as if said allegations were fully set forth herein.

---

[24] *See* TEX. BUS. & COM. CODE §17.45(5); §17.50(a)(3).
[25] TEX. BUS. & COM. CODE §17.46(b)(5).
[26] TEX. BUS. & COM. CODE §17.50(d).
[27] TEX. BUS. & COM. CODE §17.50(b)(1).
[28] TEX. BUS. & COM. CODE §17.45(9).
[29] TEX. BUS. & COM. CODE §17.45(13).

Case 4:22-cv-00783   Document 3   Filed 09/12/22   Page 11 of 16 PageID #:  106

45. By its acts, omissions, failures, and conduct, Defendant has breached its common law duty of good faith and fair dealing.[30] Defendant had no reasonable basis for denying or delaying payment of Plaintiffs' Claim, and Defendant knew or should have known that there was no reasonable basis for denying or delaying payment of Plaintiffs' Claim.[31]

46. By its acts, omissions, failures, and conduct, Defendant has also engaged in unfair and deceptive acts or practices in the business of insurance in violation of the Texas Administrative Code.[32]

47. These common law and Administrative Code violations include, without limitation, the conduct described in this Petition, including:

    a) Engaging in false, misleading, and deceptive acts or practices in the business of insurance;

    b) Engaging in unfair claims settlement practices the business of insurance;[33]

    c) Misrepresenting to claimants pertinent facts or policy provisions relating to coverages at issue;[34]

    d) Failing to acknowledge with reasonable promptness pertinent communications with respect to the Claim;[35]

    e) Failing to attempt in good faith to effectuate prompt, fair, and equitable settlement of the Claim submitted when liability under the Policy became reasonably clear;[36]

    f) Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement;[37]

---

[30] *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 50-51 (Tex. 1997); *Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10, 18 (Tex. 1994); *Aranda v. Insurance Co. of N. Am.*, 748 S.W.2d 210, 213 (Tex. 1988).

[31] *Id.*

[32] TEX. ADMIN. CODE §21.203 et. seq.

[33] *Id.*

[34] TEX. ADMIN. CODE §21.203(1).

[35] TEX. ADMIN. CODE §21.203(2).

[36] TEX. ADMIN. CODE §21.203(4).

[37] TEX. ADMIN. CODE §21.203(9).

PLAINTIFFS' ORIGINAL PETITION    PAGE 11 OF 15

EXHIBIT C

      g)     Failing to affirm or deny coverage of a claim to a policyholder within a reasonable time;[38]

      h)     Refusing to pay amounts due and owing on the Claim without conducting a reasonable investigation with respect to the Claim;[39] and,

      i)     Failing to respond promptly to a request by a claimant for personal contact about review of the Claim.[40]

48.     Defendant knowingly breached its duty of good faith and fair dealing and engaged in unfair settlement practices with respect to Plaintiffs' Claim, when Defendant's liability had become reasonably clear.[41]

49.     These acts, omissions, failures, and conduct of Defendant were committed knowingly and intentionally and are a proximate cause of Plaintiffs' damages, as sought herein.

## VI.   Waiver and Estoppel

50.     Plaintiffs incorporate herein by reference all facts and allegations set forth above as if said allegations were fully set forth herein.

51.     Defendant has waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

## VII.   Conditions Precedent

52.     All conditions precedent to Plaintiffs' recovery have been performed, have occurred, have been waived, or are excused.

---

[38] TEX. ADMIN. CODE §21.203(10).

[39] TEX. ADMIN. CODE §21.203(15).

[40] TEX. ADMIN. CODE §21.203(16).

[41] *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 55 (Tex. 1997).

## VIII. Notice of Intent to Use Discovery

53. Plaintiffs give notice of their intent to use documents and other tangible items produced in discovery against the party or parties producing same in all pretrial matters and trial of this Lawsuit. Such documents and items are self-authenticated pursuant to Texas Rule of Civil Procedure 193.7.

## IX. Economic and Actual Damages

54. Plaintiffs incorporate herein by reference all facts and allegations set forth above as if said allegations were fully set forth herein.

55. The above-described acts, omissions, failures, and conduct of Defendant have caused Plaintiffs' damages, which include, without limitation, the remaining costs to properly repair Plaintiffs' Property and any investigative and engineering fees incurred therein. Plaintiffs are entitled to recover their out-of-pocket damages, costs of mitigation, lost time, loss of use, and expectancy damages. Plaintiffs are further entitled to recover consequential damages from Defendant's breach of its duty of good faith and fair dealing. As this is an action for bad faith insurance practices, Plaintiffs are also entitled to recover extracontractual damages for economic and personal injuries. Plaintiffs are further entitled to recover the amount of their claim plus prejudgment interest, post-judgment interest and attorneys' fees. All the damages described herein are within the jurisdictional limits of the Court.[42]

## X. Additional Damages

56. Plaintiffs incorporate herein by reference all facts and allegations set forth above as if said allegations were fully set forth herein.

---

[42] *See* TEX. BUS. & COM. CODE §17.50(b)(1); TEX. BUS. & COM. CODE §17.50(b)(4); TEX. BUS. & COM. CODE §17.50(h); TEX. INS. CODE §541.152(a)(1); TEX. INS. CODE §541.152(a)(3); TEX. INS. CODE §541.152(b); TEX. INS. CODE §542.060(a) and TEX. INS. CODE §542.060(c).

57. Defendant has "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendant's knowing and intentional misconduct, Plaintiffs are entitled to additional damages and/or treble damages as authorized by the Texas Insurance Code[43] and Texas Deceptive Trade Practices Act.[44]

## XI. Attorney's Fees

58. Plaintiffs incorporate herein by reference all facts and allegations set forth above as if said allegations were fully set forth herein.

59. Plaintiffs have retained the Bush Law Group, P.A. to represent them due to Defendant's actions. Plaintiffs are entitled to recover reasonable and necessary attorneys' fees and costs incurred, including all charges and costs of court, as well as all such fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by: (a) Chapter 38 of the Texas Civil Practices and Remedies Code;[45] (b) Section 541.152 of the Texas Insurance Code;[46] (c) Section 17.50(d) of the Texas Deceptive Trade Practices Act;[47] and (d) common law.[48]

---

[43] TEX. INS. CODE §541.152.

[44] TEX. BUS. & COM. CODE §17.50(b)(1).

[45] TEX. CIV. PRAC. & REM. CODE §38.001.

[46] TEX. INS. CODE §541.152(a)(1).

[47] TEX. BUS. & COM. CODE §17.50(d).

[48] *Nationwide Mut. Ins. v. Holmes*, 842 S.W.2d 335,341 (Tex. App.—San Antonio 1992, writ denied); *Baja Energy Inc. v. Ball*, 669 S.W.2d 836, 838-39 (Tex. App.—Eastland 1984, no writ); *Knebel v. Capital Nat'l Bank*, 518 S.W.2d 795, 799 (Tex.1974) (recognizing that attorney fees can be awarded under equity).

## XII. Prayer

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs Chauncey Pham and Derek Pham, respectfully pray that, Defendant, American Economy Insurance Company, a Safeco Company, be cited to appear and answer herein and upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendant as follows:

a) Economic, Actual, and Consequential damages suffered, as requested herein;

b) Additional Damages as requested herein;

c) Prejudgment and postjudgment interest at the maximum rate allowed by law as requested herein;

d) Reasonable and necessary attorneys' fees, and costs of court, including additional contingent amounts in the event of an appellate proceeding as requested herein; and

e) Such other and further relief to which Plaintiffs may be entitled at law or in equity, whether pled or unpled.

Respectfully submitted,

THE BUSH LAW GROUP, P.A.

By: /s/ Nicole S. Terrill
Nicole S. Terrill
State Bar No. 24090131
nicole@bushlaw.com
2011 Lakeside Parkway
Flower Mound, Texas 75028
Phone: (817) 537-3800

*Attorney for Plaintiffs*

*E-Mail for Electronic Service:*
nicole@bushlaw.com
stephanie@bushlaw.com
katie@bushlaw.com

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Stephanie Redding on behalf of Nicole Terrill
Bar No. 24090131
stephanie@bushlawgroup.net
Envelope ID: 67248932
Status as of 8/17/2022 10:00 AM CST
Associated Case Party: Chauncey Pham

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Stephanie Redding | | stephanie@bushlaw.com | 8/12/2022 4:54:41 PM | SENT |
| Nicole Terrill | | nicole@bushlaw.com | 8/12/2022 4:54:41 PM | SENT |

EXHIBIT C